FILED'11 APR 28 13:12USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM JOHN PAATALO,                    Civ. No. 08-6216-AA

       Plaintiff,                    OPINION AND ORDER

   v.

WASHINGTON MUTUAL BANK,
EXPERIAN INFORMATION
SOLUTIONS, INC., and
TRANS UNION LLC,

       Defendants.

AIKEN, Chief Judge:

    Plaintiff brought suit against defendants alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601. Plaintiff's claims against defendants Experian Information Solutions and Trans Union LLC have been resolved and only plaintiff's claims against Washington Mutual Bank (Washington Mutual) remain.

    On September 25, 2008, the Office of Thrift Supervision

1   - OPINION AND ORDER

declared Washington Mutual insolvent and appointed the Federal Deposit Insurance Corporation (FDIC) as its Receiver pursuant to 12 U.S.C. § 1921(c). The FDIC now moves for summary judgment, arguing that plaintiff's claims against Washington Mutual are barred for failure to file a timely administrative claim. The motion is granted.

## RELEVANT FACTS

After its appointment as Receiver, the FDIC published a Publication Notice to Creditors and Depositors of Washington Mutual, which included a notice to claimants that they must file any claim against Washington Mutual with the FDIC prior to December 30, 2008.

On November 17, 2008, counsel for the FDIC contacted plaintiff's attorneys regarding proposed motions to substitute the FDIC as a party and to stay the proceedings pending exhaustion of the statutorily-mandated administrative claims process. FDIC's counsel also provided plaintiff's counsel with a link to information regarding the administrative claims process. Adams Decl., Ex. A.

On November 17, 2008, plaintiff's counsel responded and stated no objection to the substitution of FDIC but raised questions regarding the scope and extent of the stay.

On December 5, 2008, counsel for the FDIC emailed plaintiff's counsel and asked whether information had been provided to obtain

2   - OPINION AND ORDER

a claim form that plaintiff must submit to the FDIC. Adams Decl., Ex. C, p. 1. Plaintiff's counsel apparently did not respond.

On December 31, 2008 at 5:59 p.m., plaintiff's counsel forwarded to FDIC's counsel a $2,000,000 claim against Washington Mutual. The cover letter of the claim was addressed to the FDIC in Dallas, Texas. The claim was attached to an email as a .pdf document. Adams Decl., Ex. C, p. 1.

On January 1, 2009, counsel for the FDIC informed plaintiff's counsel by email that plaintiff "should do whatever is necessary to file a claim" as the FDIC's counsel "has no responsibility for filing claims." Adams Decl., Ex. D, p. 1. The FDIC's counsel also suggested that there was an extension of time to file claims with the FDIC. Apparently, no such extension had been granted.

On January 5, 2009, plaintiff's counsel again e-mailed to FDIC's counsel a copy of the letter forwarded on December 31, 2008.

On January 13, 2009, plaintiff's counsel sent plaintiff's claim and purported supporting documents to the FDIC. In a cover letter, plaintiff's counsel stated that such documents had been provided to the FDIC's counsel "in a timely manner," and that plaintiff's counsel had then been instructed to provide the documents directly to the FDIC. Plaintiff's counsel also asserted that previously he did not have "the authority to contact you directly, but are now [submitting] these documents to you at this time as we now have the authority to do so." Adams Decl., Ex. C,

3    - OPINION AND ORDER

p. 2. The FDIC received these documents on January 20, 2009.

On December 23, 2009, the FDIC disallowed plaintiff's claim for failure to provide supporting facts or evidence.

Plaintiff is currently proceeding pro se. After the FDIC filed its motion, the court provided plaintiff with the required notice regarding summary judgment standards and Federal Rule of Civil Procedure 56 requirements.

## DISCUSSION

The FDIC moves for summary judgment on grounds that the failure to file an administrative claim with the FDIC as of December 30, 2008, the "Claims Bar Date," divests this court of jurisdiction over plaintiff's claims, unless notice of the FDIC's appointment as Receiver was not timely provided to plaintiff. Plaintiff's counsel was informed of the FDIC's appointment and of information regarding the administrative claims process on November 17, 2008, prior to the Claims Bar Date. Nonetheless, plaintiff did not submit any type of claim to the FDIC until January 2009. To the extent plaintiff's counsel provided the FDIC's counsel with notice of an administrative claim, such notice was not provided until December 31, 2008, after the Claims Bar Date. Therefore, plaintiff's claims against Washington Mutual are barred. Intercontinental Travel Marketing, Inc. v. FDIC, 45 F.3d 1278, 1284-86 (9th Cir. 1994).

Plaintiff nonetheless maintains that a question of fact exists

4    - OPINION AND ORDER

regarding the timeliness of his administrative claim given the FDIC's counsel's suggestion on January 1, 2009 that an extension of time had been granted to submit claims. However, plaintiff presents no evidence that any extension was granted. Further, this statement was made after the Claims Bar Date and after plaintiff's counsel had forwarded notice of an administrative claim to FDIC's counsel on December 31, 2008. Therefore, neither plaintiff nor his counsel could have relied on that statement to their detriment in failing to file a timely administrative claim.

## CONCLUSION

The FDIC's Motion for Summary Judgment (doc. 78) is GRANTED. IT IS SO ORDERED.

Dated this 27 day of April, 2011.

_____
Ann Aiken
United States District Judge